UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Major, | ) | C/A No. 5:15-cv-00051-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Sgt. James; | ) | |
| Sgt. Sweat; | ) | |
| Ofc. Blakely, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

At the time he filed his Complaint in this case, Matthew Major ("Plaintiff") was detained at the Sumter-Lee County Detention Center ("S-LCDC"). ECF No. 1-3. All three Defendants are corrections officers at S-LCDC. Compl. 2, ECF No. 1. Plaintiff alleges he was verbally abused and "sexually harassed" by Defendant Blakely on December 29, 2014, when he refused to show Defendant Blakely his penis despite her alleged request that he do so. *Id*. at 3. According to Plaintiff, Defendant Blakely then threatened to "make something up and send [him] to lock up." *Id*. Plaintiff further alleges that Defendants Sweat and James laughed and refused to discipline Defendant Blakely or to give Plaintiff grievance forms to file against her when Plaintiff reported

what "just happen to [him]." *Id.* Plaintiff does not allege that he suffered any physical injury as a result of any of the Defendants' actions or responses nor does he allege that Defendant Blakely carried out her alleged threat regarding lock-up. Instead, he states that he wants the court to "[r]eward me for Damage for Becoming mental anguish." *Id*. at 4. Plaintiff also requests the court to terminate all Defendants' jobs. *Id.*

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. §

1915(e)(2)(B).

III.    Discussion

Although he does not refer to any particular federal law as the basis for his Complaint, Plaintiff's allegations of "sexual harassment and abuse," Compl. 2, ECF No. 1, in a county detention center setting are properly before this court pursuant to 42 U.S.C. § 1983.[1] It is well settled that "the use of vile and abusive language is never a basis for a civil-rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and no liability under § 1983 for such claims); *see also Cameron v. Bonney*, 523 F. App'x 969, 970 (4th Cir. 2013) (allegations of verbal abuse do not state a plausible § 1983 claim). Verbal abuse of a prisoner is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Boston v. Stanton*, 450 F. Supp. 1049 (W.D. Mo.1978) (same).

While the statements allegedly made by Defendant Blakely were deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir.

---

[1] In passing § 1983, Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted).

No other plausible basis for the exercise of this court subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint because this court will not consider state-law-based tort claims such as "professional neglect" in the absence of diversity jurisdiction. **Error! Main Document Only.***See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

2005) (same; affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009) (*sua sponte* dismissal affirmed). Because abusive language is not actionable under 42 U.S.C. § 1983, the alleged comments about Defendant Blakely's wanting to view Plaintiff's body part and the verbal threat of possible lock-up for Plaintiff if he did not comply do not show that Plaintiff was subjected to cruel and unusual punishment or that his federal constitutional rights were otherwise violated by either of Defendant Blakely's alleged statements. Similarly, Plaintiff has not presented a plausible, cognizable claim against the other Defendants' alleged laughter at his report of the statements.

Plaintiff previously filed a somewhat similar complaint based on alleged threats and verbal abuse at the Florence County Detention Center, *Major v. Hicks*, Civil Action No. 5:14-cv-04377-MGL, and was clearly informed in the Report and Recommendation, issued in that case on December 22, 2014, of the applicable law precluding such claims. *Id.* at ECF No. 11. That Report and Recommendation was mailed to Plaintiff at his current place of incarceration on December 22, 2014, *id.* at ECF No. 12, which was one week before Plaintiff submitted the Complaint in this case for filing. ECF No. 1-1 (the envelopes in which the Complaint under review was submitted contain December 29, 2014 postmarks); *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Plaintiff's submission of another case seeking damages for alleged verbal abuse, despite his knowledge that the applicable law does not allow such a claim or damage award, renders this Complaint frivolous. However, because of the close proximity between the filing date of that Report and Recommendation and the filing of this Complaint, and considering that an order has not yet been entered as to that Report and

Recommendation, the undersigned does not recommend that this case be deemed a strike. Future filings of this type will be recommended as strikes.

Furthermore, Defendants James' and Sweat's failure to provide Plaintiff with grievance forms did not violate Plaintiff's constitutional rights and provides no plausible basis for an award of damages against them. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."). As a result, because they cannot be held liable for damages based on their statements or laughter or because they did not allow Plaintiff to use the detention center grievance system against Defendant Blakely, Plaintiff's Complaint fails to state a plausible federal claim upon which relief may be granted insofar as it seeks to hold Defendants James and Sweat liable for damages.

Finally, Plaintiff's Complaint fails to the extent that it seeks injunctive relief against Defendants in the nature of termination of their employment. Any attempt by this court to order such action would require it to issue a writ of mandamus to the South Carolina county official or officials with hiring/firing responsibility over Defendants' employment. This is something that a federal court is unable to do under applicable law. *See Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d 72, 74 (2d Cir. 1988); *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n.5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 &

n.1 (N.D. Ill. 1990).

IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *with prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.


February 2, 2015                                Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).